IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL V. GARDNER                                                        PLAINTIFF

v.                                    Civil No. 4:19-cv-04068

CORPORAL SMITH, Miller County
Detention Center ("MCDC"); CORPORAL
HINDERSON, MCDC; CAPTAIN GOLDEN
ADAMS, MCDC; and WARDEN WALKER, MCDC                      DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Michael V. Gardner pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is the failure to effectuate service on Defendant Sergeant Corporal Hinderson.  After careful consideration, the Court makes the following Report and Recommendation.

## I.      BACKGROUND

Plaintiff filed his initial Complaint on June 13, 2019.  (ECF No. 1).    In response to this Court's order, Plaintiff filed an Amended Complaint on June 25, 2019.  (ECF No. 6).  On July 8, 2019, the Court ordered service on Defendant Hinderson at the address given by Plaintiff in the Amended Complaint – Miller County Detention Center, 2300 East Street, Texarkana, Arkansas 71854. (ECF No. 9).  On August 2, 2019, the Court received notice the summons was returned unexecuted indicating "Miller County stated they do not have a Corporal Hinderson on staff." (ECF No. 15).

1

On August 5, 2019, this Court ordered Plaintiff to provide an accurate description of Defendant Hinderson by August 26, 2019, in order to assist the Court in serving this Defendant. (ECF No. 16).  This order informed Plaintiff that failure to comply with the Court's order would result in the dismissal of the claims against Defendant Hinderson.  *Id.*  To date, Plaintiff has not provided a description of Defendant Hinderson and the order sent to Plaintiff has not been returned an undeliverable.

On October 2, 2019, the Court entered an order directing Plaintiff to show cause as to why he failed to provide the Court with information to serve Defendant Hinderson by October 15, 2019. (ECF No. 19).  This order informed Plaintiff that failure to comply with the Court's order would result in the dismissal of the claims against Defendant Hinderson.  *Id.*  To date, Plaintiff has not responded to the Court's order and it has not been returned as undeliverable.

## II.      APPLICABLE LAW

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915.  Fed. R. Civ. P. 4(c)(3).  "The officers of the court shall issue and serve all process, and perform all duties in such cases".  28 U.S.C. § 1915(d).  Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed or the Court must dismiss the complaint or order service be made within a specified time.  However, if the plaintiff can show good cause for the failure, the court must extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m). Dismissal is not required where service is ineffective, instead, the court has the discretion to either dismiss the action, or quash service but retain the case for further attempts at service. *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998).    Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is

ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

## III.    DISCUSSION

Plaintiff filed his Amended Complaint in this case on June 25, 2019.  (ECF No. 6.) The Court unsuccessfully attempted service on Defendant Hinderson and then ordered Plaintiff to provide additional information for service.  More than two months have passed, and Plaintiff failed to provide the Court with any information for service.  Accordingly, I recommend Defendant Corporal Hinderson be terminated as a Defendant in this lawsuit.

## IV.    CONCLUSION

For the foregoing reasons, I recommend Defendant Corporal Hinderson be terminated as a Defendant in this lawsuit.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 17th day of October 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE