IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL V. GARDNER                                                                          PLAINTIFF

v.                                          Case No. 4:19-cv-4068

CORPORAL SMITH, Miller County
Detention Center ("MCDC"); CORPORAL
HINDERSON, MCDC; CAPTAIN GOLDEN
ADAMS, MCDC; and WARDEN WALKER,
MCDC                                                                                       DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed October 17, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 20). Judge Bryant recommends that the Court dismiss Plaintiff Michael V. Gardner's claims against Defendant Hinderson pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff has not provided the Court with information to effect service on him and the time for service under Rule 4(m) has passed.

Plaintiff has not filed objections to the Report and Recommendation, and the time to object has passed.[1]  *See* 28 U.S.C. § 636(b)(1).  Therefore, the Court adopts the Report and

---

[1] On August 5, 2019, Judge Bryant ordered Plaintiff to provide service information for Defendant Hinderson. Plaintiff did not, and on October 2, 2019, Judge Bryant issued a show cause order. Plaintiff responded to the show cause order on October 24, 2019, seeming to request relief under Rule 5(d)(1), which governs the requirements for the form and filing of pleadings. Plaintiff's response did not, however, explain why he had not provided service information for Defendant Hinderson. On October 17, 2019, the Court mailed the instant report and recommendation to Plaintiff at his then-address of record, 3201 Ash Street, Texarkana, AR 71854. That order was not returned as undeliverable. On November 4, 2019, Plaintiff filed a notice of change of address, indicating that he is now incarcerated in the Bowie County Correctional Center, and requesting that the Court re-mail any recent correspondence to him, including the instant report and recommendation. That Plaintiff specifically requested the instant report and recommendation says to the Court that he previously received and was aware of the same, a thought that is further bolstered by the fact that the Court's initial mailing of the report and recommendation was not returned as undeliverable. *See Arnold v. Wood*, 238 F.3d 992, 995-96 (8th Cir. 2001) (stating that the clerk's docket entries are presumed correct in the absence of reliable evidence to the contrary). Plaintiff has neither asserted that he never received the report and recommendation nor requested an extension of time to respond to the report and recommendation, so the Court does not deem it

Recommendation (ECF No. 20) *in toto*. Accordingly, Plaintiff's claims against Defendant Hinderson are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

necessary to delay this ruling. However, even if Plaintiff's change of address somehow presented cause to not dismiss Defendant Hinderson under Rule 4(m), dismissal would nonetheless be proper under Rule 41(b) and Local Rule 5.5(c)(2) due to Plaintiff's failure to obey Judge Bryant's August 5, 2019 order directing him to provide service information. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (noting the district court's power to dismiss based on "the plaintiff's failure to comply with any court order").