IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL V. GARDNER                                                                                    PLAINTIFF

v.                                         Civil No. 4:19-cv-4068

CORPORAL SMITH, Miller County
Detention Center ("MCDC"); CAPTAIN GOLDEN
ADAMS, MCDC; and WARDEN WALKER, MCDC                                      DEFENDANTS

## ORDER

Currently before the Court is Plaintiff Michael V. Gardner's failure to obey two Court orders. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 13, 2019. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3). On June 25, 2019, Plaintiff filed an Amended Complaint. (ECF No. 6).

On December 23, 2019, Plaintiff notified the Court of a change of address, indicating that he was no longer incarcerated. (ECF No. 35). When a plaintiff is released from confinement, the Court's policy is to require resubmission of affidavits to determine whether he should be required to pay all, or a portion of, the fees and costs of the lawsuit. Accordingly, on February 6, 2020, this Court entered an order directing Plaintiff to submit a completed IFP application to the Court for filing or pay the filing fee by February 21, 2020. (ECF No. 37). The order informed Plaintiff that failure to timely and properly comply with the order would subject this case to dismissal. To date, Plaintiff has not complied with the Court's order, which was not returned as undeliverable.

On February 26, 2020, the Court entered an order directing Plaintiff to show cause by March 6, 2020, as to why he failed to comply with the Court's order directing him to either submit another IFP application or pay the filing fee. (ECF No. 38). Plaintiff was advised that failure to show cause by the Court's imposed deadline would result in this case being dismissed without

prejudice. To date, Plaintiff has not responded, and the show-cause order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge